## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Body Contour Ventures, LLC, | Case No. 19-42510-pjs |
| Debtor. | Hon. Phillip J. Shefferly |

## FIRST DAY MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE CONTINUED USE OF DEBTORS' PRE-PETITION CASH MANAGEMENT SYSTEM, BANK ACCOUNTS, AND BUSINESS FORMS

The debtors and debtors-in-possession identified below (collectively, "<u>Debtors</u>"),[1] through proposed counsel, Wolfson Bolton PLLC, for their *First Day Motion for Entry of an Order Authorizing the Continued Use of Debtors'*

---

[1] This Motion is being filed on behalf of Debtors Body Contour Ventures, LLC, Case No. 19-42510, BCA Acquisitions, LLC, Case No. 19-42511, American Aesthetic Equipment, LLC, Case No. 19-42512, Knoxville Laser Spa LLC, Case No. 19-42513, LRX Alexandria, LLC, Case No. 19-42514, LRX Birmingham, LLC, Case No. 19-42515, LRX Charlotte, LLC, Case No. 19-42516, LRX Chicago, LLC, Case No. 19-42517, LRX Colorado Springs, LLC, Case No. 19-42518, LRX Dearborn, LLC, Case No. 19-42519, LRX East Lansing, LLC, Case No. 19-42520, LRX Grand Blanc, LLC, Case No. 19-30413, LRX Hoffman Estates, LLC, Case No. 19-42521, LRX Las Vegas Summerlin, LLC, Case No. 19-42522, LRX Mesa, LLC, Case No. 19-42523, LRX Naperville, LLC, Case No. 19-42524, LRX Novi, LLC, Case No. 19-42525, LRX Orland Park, LLC, Case No. 19-42526, LRX Plymouth-Canton, LLC, Case No. 19-42527, LRX Stone Oak, LLC, Case No. 19-42528, LRX Towson, LLC, Case No. 19-42530, LRX Troy, LLC, Case No. 19-42531, Premier Laser Spa of Greenville LLC, Case No. 19-42532, Premier Laser Spa of Indianapolis LLC, Case No. 19-42533, Premier Laser Spa of Louisville LLC, Case No. 19-42534, Premier Laser Spa of Pittsburgh LLC, Case No. 19-42535, Premier Laser Spa of St. Louis LLC, Case No. 19-42536, and Premier Laser Spa of Virginia LLC, Case No. 19-42537.

*Pre-Petition Cash Management Systems, Bank Accounts, and Business Forms* ("Motion"), state:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding under 28 U.S.C. § 157(b).

3. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

4. A motion for joint administration of Debtors' Chapter 11 cases for procedural purposes only is being filed contemporaneously with this Motion. To the extent this Motion is granted, Debtors request that any order be applicable to all of Debtors' cases.

## BACKGROUND

5. Debtors each commenced a voluntary case under Chapter 11 of Title 11 of the United States Code on February 22, 2019 ("Petition Date").

6. Debtors are continuing in possession of their property and are operating and managing their businesses as debtors-in-possession under 11 U.S.C. §§ 1107(a) and 1108.

7. No trustee, examiner, or official committee of unsecured

creditors has been appointed in these Chapter 11 cases.

8. Detailed facts about Debtors and the reasons for the commencement of their Chapter 11 cases are set forth in the *Declaration of Richard C. Morgan in Support of Chapter 11 Filings*, which has been filed simultaneously with this Motion and is incorporated into this Motion by reference.

## DESCRIPTION OF DEBTORS' CASH MANAGEMENT SYSTEM AND BANK ACCOUNTS

9. Debtors maintain a cash management and disbursement system in the ordinary course of their businesses (collectively, "Cash Management System"). Through the Cash Management System, Debtors are able to monitor their cash position on a daily basis.

10. Disbursements under the Cash Management System are controlled primarily by Debtors' financial personnel through Debtors' bank accounts held at Bank of America ("Bank Accounts"), which accounts are set forth on Exhibit 2.[2]

11. Through the Cash Management System, Debtors are able to monitor the collection and disbursement of funds and maintain control over

---

[2] Debtors have two bank accounts at Level One Bank with Account Nos. 5498 and 5480 that Level One Bank began closing pre-petition. Upon information and belief, the accounts are closed as of the date of the filing of this Motion.

the administration of the Bank Accounts required to effect the collection, disbursement, and movement of cash related to the Debtors' operations. In addition, the Cash Management System facilitates Debtors' ability to produce accurate financial reporting.

12. Debtors operate under an integrated Cash Management System. Each store processes and collects receivables generated by the services it provides, which receivables are primarily collected from credit card processing and customer financing companies. Each store's collected receipts are deposited into its own Bank Account. Typically, on a daily basis, Debtor Body Contour Ventures, LLC ("BCV") sweeps the Bank Accounts of the stores in which it holds an interest, and Debtor BCA Acquisitions, LLC ("BCA") sweeps the Bank Accounts of the stores in which it holds an interest. The funds collected by BCA are then swept up to BCV, usually on daily basis. As a result of this system, all of the income generated by each store (with the exception of some minimal funds that are at times retained by BCA) is transferred directly or indirectly to BCV.

13. BCV then uses the funds it receives from each store to (i) pay itself a management fee relating to the store, and (ii) to pay each store's direct expenses, including the store's monthly rental obligation to its landlord, payroll for the store's employees, and direct marketing expenses.

## RELIEF REQUESTED

14. To avoid disruption to the normal operations of Debtors' businesses, Debtors request that the Court enter an order, substantially in the form attached as <u>Exhibit 1</u>, permitting them to continue to use their pre-petition Cash Management System, Bank Accounts, and business forms associated with the Bank Accounts.

## BASIS FOR RELIEF

15. The statutory predicates for the relief requested in this Motion are 11 U.S.C. §§ 345, 363, 1107, 1108, and E.D. Mich. LBR 4002-1.

16. The Office of the United States Trustee has established operating guidelines for debtors in possession to supervise the administration of Chapter 11 cases ("<u>UST Guidelines</u>").

17. The UST Guidelines require Chapter 11 debtors to (a) close all existing bank accounts and open new debtor-in-possession bank accounts; (b) establish a minimum of three debtor-in-possession accounts (general account, payroll account, and tax account); and (c) obtain checks for all debtor-in-possession accounts that bear the designation "debtor-in-possession," the bankruptcy case name, number, and the type of account.

18. Maintaining the Cash Management System and Bank Accounts will best serve Debtors' estates, vendors, and employees.

19. The benefit to Debtors' estates will be considerable because it will assist in accomplishing the transition to operating under Chapter 11 without the costs and disruptions associated with closing and opening Debtors' Bank Accounts.

20. The relief requested in this Motion has been granted in other Chapter 11 cases in this district. *See, e.g., In re Kazi Foods of Mich., Inc., et al.,* No. 11-43971 (E.D. Mich. Feb. 22, 2011); *In re Plastech Engineered Products, Inc.*, No. 08-42417 (Bankr. E.D. Mich. Feb. 5, 2008); *In re Contech U.S., L.L.C.,* No. 09-42392 (Bankr. E.D. Mich. Feb. 12, 2009); *In re Engineered Plastic Products, Inc.,* No. 06-42714 (Bankr. E.D. Mich. March 13, 2006); *In re Big Buck Brewing Inc.,* No. 04-56761 (Bankr. E.D. Mich. June 17, 2004); *In re Intermet Corporation, et al.*, No. 04-67597 (Bankr. E.D. Mich. Oct. 1, 2004).

### A. Cash Management System

21. Debtors request authority to continue to manage their cash consistent with historical pre-petition practice, except as modified by this Motion.

22. Debtors submit that the cost and expense of creating a new Cash Management System or changing their Bank Accounts would not only force Debtors to incur significant and unnecessary costs and expenses, but

would impair the ordinary operation of Debtors' businesses.

23. Forcing Debtors to employ a new Cash Management System and open new Bank Accounts would cause confusion, disrupt payroll, introduce inefficiency at a time when efficiency is most critical, and strain Debtors' relationships with customers and vendors. These relationships must be maintained for Debtors to have the opportunity to successfully reorganize. Remitting payments to new and different accounts will result in a significant slowdown in Debtors' collections at a time when prompt collection is critical.

24. Debtors' Cash Management System is similar to those utilized by other corporate enterprises operating both in and outside of Chapter 11.

25. The Cash Management System permits Debtors to provide availability of funds when and where necessary and develop timely and accurate accounting information.

26. Debtors intend to continue to maintain strict accounting records, including receipts and disbursements, so that the United States Trustee and parties in interest may readily monitor Debtors' financial activities.

27. Bankruptcy courts routinely grant Chapter 11 debtors authority to continue utilizing existing cash management systems and treat requests for such authority as a relatively "simple matter." *See In re Baldwin-United*

*Corp.*, 79 B.R. 321, 327 (Bankr. S.D. Ohio 1987). In *In re Charter Co.,* 778 F.2d 617, 618 (11th Cir. 1985), for example, the bankruptcy court entered an order authorizing the debtor and its subsidiaries to continue to "consolidate the management of their cash as has been usual and customary in the past, and to transfer monies from affiliated entity to entity, including operating entities that are not debtors . . . ." Subsequently, the district court denied a creditor's motion for leave to appeal the bankruptcy court's cash management order. The United States Court of Appeals for the Eleventh Circuit affirmed the district court's ruling and held that authorizing the debtor to use its pre-petition "routine cash management system" was "entirely consistent" with applicable provisions of the Bankruptcy Code. *Id.* at 621.

### B. Bank Accounts

28. Integrally related to Debtors' Cash Management System is the continued existence of the Bank Accounts.

29. Debtors and their customers, employees, and vendors would suffer severe hardship if Debtors were required to substitute a new debtor-in-possession bank account for the existing Bank Accounts.

30. Substitution of the Bank Accounts would essentially render this Court's approval of the continuation of the Cash Management System, if

granted, meaningless, and inevitably lead to the same delays, confusion, and disruption of Debtors' businesses, including significant slowdown in the collection of payments from customers.

31. All parties in interest will be best served, and Debtors will benefit considerably, by preserving business continuity and avoiding the operational and administrative paralysis that closing the Bank Accounts and opening new bank accounts would necessarily entail.

32. Debtors do not seek authority to pay any pre-petition claims that have not yet been honored by the applicable drawee bank. To the contrary, with the exception of payments Debtors are seeking to pay that are otherwise authorized by the Court ("Allowed Payments"), which payments may include pre-petition bank fees, Debtors seek to prohibit and enjoin their bank from honoring pre-petition checks.

33. Debtors intend to work with their bank to identify, by check number or other appropriate means, the specific checks, drafts, wires, or ACH transfers that are designated as Allowed Payments.

34. Debtors request that this Court direct Debtors' bank to continue to receive, process, honor, and pay any and all checks, drafts, wires, or ACH transfers drawn on the Bank Accounts after the Petition Date for the Allowed Payments (to the extent sufficient funds are on deposit to honor

{00079088.DOCX 2 }                                    9
   19-42510-pjs    Doc 20    Filed 02/25/19    Entered 02/25/19 17:51:44    Page 9 of 19

the checks) without regard to when the checks were issued.

35. This relief is necessary to implement, to the extent granted, and is subject to, the relief requested by Debtors in their motions seeking authority to pay pre-petition wages owing to Debtors' employees and insurance obligations.

36. Debtors request that the Bank Accounts held by Debtors be deemed to be "debtor-in-possession" accounts. Debtors intend to provide notice of entry of any order granting this Motion to their bank within 3 business days of the order's entry.

### C. Business Forms

37. Debtors also request permission to use their existing business forms and stationery (collectively, "Business Forms") without alteration.

38. Parties doing business with Debtors undoubtedly will be aware of Debtors' status as Chapter 11 debtors-in-possession. Debtors do not print their business forms and stationery. Thus, substantial time and expense would be required if Debtors were required to print new business forms and stationery merely to indicate "debtor-in-possession." Changing business forms at this critical, early stage of these Chapter 11 cases would be expensive and burdensome to the Debtors' estates and present an unnecessary distraction.

{00079088.DOCX 2}　　10
19-42510-pjs　　Doc 20　　Filed 02/25/19　　Entered 02/25/19 17:51:44　　Page 10 of 19

### D. Wire and Automatic Clearing House Payments

39. Debtors seek relief from the Operating Instructions and Reporting Requirements for Chapter 11 Cases to the extent that they require Debtors to make all disbursements by check.

40. Considering the nature of Debtors' operations, it is often necessary for Debtors to conduct transactions by debit, wire, ACH payment, or other similar methods. In addition, a number of Debtors' receipts are received by wire transfer.

41. To deny Debtors the opportunity to conduct business by debit, wire, ACH payment, or other similar methods would interfere with and unnecessarily disrupt Debtors' business operations, as well as create additional costs to Debtors.

### **NOTICE**

42. Notice of this Motion has been given to the following parties or their counsel: (i) the Office of the United States Trustee, (ii) all secured creditors, (iii) Debtors' consolidated top 30 unsecured creditors; (iv) all parties required pursuant to E.D. Mich. LBR 9013-1, and (v) any other party requesting notice in these proceedings. In light of the fact that no trustee, examiner, or creditors' committee has been appointed or formed in these cases, Debtors submit that no further notice is necessary or required.

43. No prior request for the relief sought in this Motion has been made to this Court or any other court.

WHEREFORE, Debtors respectfully request that the Court enter an order, substantially in the form attached as Exhibit 1, granting the relief requested in the Motion and such additional relief as is just and equitable.

Respectfully submitted,

WOLFSON BOLTON PLLC
*Proposed Counsel for Debtors*

Dated: February 25, 2019

By: /s/ Thomas J. Kelly
Scott A. Wolfson (P53194)
Anthony J. Kochis (P72020)
Thomas J. Kelly (P78754)
3150 Livernois, Suite 275
Troy, MI 48083
Telephone: (248) 247-7107
Facsimile: (248) 247-7099
Email: tkelly@wolfsonbolton.com

Exhibit 1

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| Body Contour Ventures, LLC, | Case No. 19-42510-pjs |
| Debtor. | Hon. Phillip J. Shefferly |

**ORDER GRANTING FIRST DAY MOTION FOR ENTRY OF
AN ORDER AUTHORIZING THE CONTINUED USE OF
DEBTORS' PRE-PETITION CASH MANAGEMENT SYSTEMS,
BANK ACCOUNTS, AND BUSINESS FORMS**

This matter having come before the Court by the debtors and

debtors-in-possession identified below (collectively, "Debtors")[1] through

---

[1] This Order is applicable to Debtors Body Contour Ventures, LLC, Case No. 19-42510, BCA Acquisitions, LLC, Case No. 19-42511, American Aesthetic Equipment, LLC, Case No. 19-42512, Knoxville Laser Spa LLC, Case No. 19-42513, LRX Alexandria, LLC, Case No. 19-42514, LRX Birmingham, LLC, Case No. 19-42515, LRX Charlotte, LLC, Case No. 19-42516, LRX Chicago, LLC, Case No. 19-42517, LRX Colorado Springs, LLC, Case No. 19-42518, LRX Dearborn, LLC, Case No. 19-42519, LRX East Lansing, LLC, Case No. 19-42520, LRX Grand Blanc, LLC, Case No. 19-30413, LRX Hoffman Estates, LLC, Case No. 19-42521, LRX Las Vegas Summerlin, LLC, Case No. 19-42522, LRX Mesa, LLC, Case No. 19-42523, LRX Naperville, LLC, Case No. 19-42524, LRX Novi, LLC, Case No. 19-42525, LRX Orland Park, LLC, Case No. 19-42526, LRX Plymouth-Canton, LLC, Case No. 19-42527, LRX Stone Oak, LLC, Case No. 19-42528, LRX Towson, LLC, Case No. 19-42530, LRX Troy, LLC, Case No. 19-42531, Premier Laser Spa of Greenville LLC, Case No. 19-42532, Premier Laser Spa of Indianapolis LLC, Case No. 19-42533, Premier Laser Spa of Louisville LLC, Case No. 19-42534, Premier Laser Spa of Pittsburgh LLC, Case No. 19-42535, Premier Laser Spa of St. Louis LLC, Case No. 19-42536, and Premier Laser Spa of Virginia LLC, Case No. 19-42537.

their *First Day Motion for Entry of an Order Authorizing the Continued Use of Debtors' Pre-Petition Cash Management Systems, Bank Accounts, and Business Forms* ("Motion");[2] the Court having found that: (a) jurisdiction to consider the Motion is proper under 28 U.S.C. §§ 157 and 1334; (b) venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409; (c) notice of the Motion was properly provided; and (d) good cause exists to grant the relief requested in the Motion; and the Court being fully advised in the premises and having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED** that:

1. The Motion is granted.

2. Debtors are authorized to continue to use their Cash Management System, Bank Accounts, and Business Forms.

3. Debtors must continue to maintain strict records of all transfers of cash so that all transactions can be readily ascertained, recorded, and traced.

4. Debtors are authorized to designate, maintain, and continue to use, with the same account numbers, Debtors' Bank Accounts in existence

---

[2] Capitalized terms used but not defined have the meanings given to them in the Motion.

on the Petition Date and treat the Bank Accounts for all purposes as debtors-in-possession bank accounts.

5. The bank(s) at which the Bank Accounts are maintained is authorized and directed to continue to service and administer, without interruption, the Bank Accounts as an account of Debtors as debtors-in-possession and in the usual and ordinary course of business, receive, process, and pay any and all checks, drafts, wires, or ACH transfers drawn on the Bank Accounts after the Petition Date. In addition, any checks, drafts, wires, or ACH transfers drawn or issued by Debtors before the Petition Date must be timely honored by any bank(s) to the extent necessary to comply with any order(s) of this Court authorizing payment of pre-petition claims, unless the bank is instructed by Debtors to stop payment on or otherwise dishonor such check, draft, wire, or ACH transfer.

6. Debtors will promptly provide their bank(s) with a list of those checks, drafts, wires, ACH transfers, or other withdrawals made, drawn, or issued in payment of pre-petition claims, the payment of which has been authorized by an order of this Court. Any bank is authorized to accept and honor all representations from Debtors as to which checks, drafts, wires, or ACH transfers should be honored or dishonored consistent with any order(s) of this Court, whether the checks, drafts, wires, or ACH transfers

are dated before, on, or after the Petition Date, and whether or not the bank believes the payment is or is not authorized by any order(s) of this Court.

7. Except for those checks, drafts, wires, or ACH transfers that must be honored or paid in order to comply with any order(s) of this Court authorizing payment of certain pre-petition claims, no checks, drafts, wires, or ACH transfers issued on the Bank Accounts before the Petition Date but presented for payment after the Petition Date will be honored or paid.

8. The banks at which the Bank Accounts are maintained are prohibited from offsetting, freezing, or otherwise impeding the use or transfer of, or access to any funds deposited by Debtors into the Bank Accounts before or after the Petition Date on account of any claim (as defined in 11 U.S.C. § 101(5)) of any such bank against Debtors arising before the Petition Date, and any checks drawn or issued by Debtors on the Bank Accounts after the Petition Date must be timely honored by any bank notwithstanding any claim the bank may hold against Debtors.

9. Debtors are authorized to continue to use their Business Forms, and these Business Forms are not required to include the legend "Debtor-in-Possession" or a debtor-in-possession case number.

10. Subject to providing notice to the Office of the U.S. Trustee of not less than five business days, nothing contained in this Order prohibits

Debtors from opening or closing any bank account, as Debtors deem necessary and appropriate. Banks are authorized to honor Debtors' request to open or close any bank account provided that any new account must be with a bank that is insured with the FDIC or Federal Savings and Loan Insurance Corporation that is organized under the laws of the United States or any state, and any checks issued with respect to a new account during the pendency of this Chapter 11 case must contain a "Debtor-in-Possession" designation and the bankruptcy case number printed on them.

11. All accounts used by Debtors on or after the Petition Date at any bank will, for all purposes, be deemed Bank Accounts, as if they had been opened before the Petition Date, and any and all banks at which Bank Accounts are opened are subject to the rights and obligations of this Order.

12. Debtors and their bank(s) are authorized and directed to continue to perform under the terms of any pre-petition agreements between them, except as modified by this Order.

13. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

14. The Court retains jurisdiction over all matters related to the implementation of this Order.

| Exhibit 2 - Debtors' Bank Accounts | | | |
|---|---|---|---|
| **Debtor** | **Bank** | **Description** | **Account No.** |
| Body Contour Ventures, LLC | Bank of America | General account for all Debtors. Used to pay each Store's direct expenses, including vendors, payroll, rent, utilities, marketing, etc. Funds collected in all other accounts are swept to this account. | 2499 |
| BCA Acquisitions, LLC | Bank of America | Deposit account for Debtor. Generally swept daily to BCV. | 1018 |
| American Aesthetic Equipment, LLC | Bank of America | Deposit account for Debtor. Swept regularly to BCV. | 2295 |
| Knoxville Laser Spa LLC | Bank of America | Deposit account for Debtor for receivables. Swept daily to BCA. | 6047 |
| LRX Alexandria, LLC | Bank of America | Deposit account for Debtor for receivables. Swept daily to BCV. | 0271 |
| LRX Birmingham, LLC | Bank of America | Deposit account for Debtor for receivables. Swept daily to BCV. | 0336 |
| LRX Charlotte, LLC | Bank of America | Deposit account for Debtor for receivables. Swept daily to BCV. | 0420 |
| LRX Chicago, LLC | Bank of America | Deposit account for Debtor for receivables. Swept daily to BCV. | 0433 |
| LRX Colorado Springs, LLC | Bank of America | Deposit account for Debtor for receivables. Swept daily to BCV. | 0446 |
| LRX Dearborn, LLC | Bank of America | Deposit account for Debtor for receivables. Swept daily to BCV. | 0462 |
| LRX East Lansing, LLC | Bank of America | Deposit account for Debtor for receivables. Swept daily to BCV. | 0763 |
| LRX Grand Blanc, LLC | Bank of America | Deposit account for Debtor for receivables. Swept daily to BCV. | 0556 |
| LRX Hoffman Estates, LLC | Bank of America | Deposit account for Debtor for receivables. Swept daily to BCV. | 0598 |
| LRX Las Vegas Summerlin, LLC | Bank of America | Deposit account for Debtor for receivables. Swept daily to BCV. | 8875 |
| LRX Mesa, LLC | Bank of America | Deposit account for Debtor for receivables. Swept daily to BCV. | 0705 |
| LRX Naperville, LLC | Bank of America | Deposit account for Debtor for receivables. Swept daily to BCV. | 0734 |
| LRX Novi, LLC | Bank of America | Deposit account for Debtor for receivables. Swept daily to BCV. | 0750 |
| LRX Orland Park, LLC | Bank of America | Deposit account for Debtor for receivables. Swept daily to BCV. | 0789 |
| LRX Plymouth-Canton, LLC | Bank of America | Deposit account for Debtor for receivables. Swept daily to BCV. | 0394 |
| LRX Stone Oak, LLC | Bank of America | Deposit account for Debtor for receivables. Swept daily to BCV. | 0899 |
| LRX Towson, LLC | Bank of America | Deposit account for Debtor for receivables. Swept daily to BCV. | 0909 |
| LRX Troy, LLC | Bank of America | Deposit account for Debtor for receivables. Swept daily to BCV. | 0912 |
| Premier Laser Spa of Greenville LLC | Bank of America | Deposit account for Debtor for receivables. Swept daily to BCA. | 5857 |
| Premier Laser Spa of Indianapolis LLC | Bank of America | Deposit account for Debtor for receivables. Swept daily to BCA. | 0213 |
| Premier Laser Spa of Louisville LLC | Bank of America | Deposit account for Debtor for receivables. Swept daily to BCA. | 0239 |
| Premier Laser Spa of Pittsburgh LLC | Bank of America | Deposit account for Debtor for receivables. Swept daily to BCA. | 0255 |

| Debtor | Bank | Description | Account No. |
|---|---|---|---|
| Premier Laser Spa of St. Louis LLC | Bank of America | Deposit account for Debtor for receivables. Swept daily to BCA. | 6050 |
| Premier Laser Spa of Virginia LLC | Bank of America | Deposit account for Debtor for receivables. Swept daily to BCA. | 6063 |