**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| Body Contour Ventures, LLC, | Case No. 19-42510-pjs |
| Debtor. | Hon. Phillip J. Shefferly |

### FIRST DAY MOTION FOR AN ORDER AUTHORIZING DEBTORS TO PAY PRE-PETITION WAGES, COMPENSATION, AND EMPLOYEE BENEFITS

The debtors and debtors-in-possession identified below (collectively,

"Debtors"),[1] through proposed counsel, Wolfson Bolton PLLC, for their *First*

*Day Motion For An Order Authorizing Debtors To Pay Pre-Petition Wages,*

---

[1] This Motion is being filed on behalf of Debtors Body Contour Ventures, LLC, Case No. 19-42510, BCA Acquisitions, LLC, Case No. 19-42511, American Aesthetic Equipment, LLC, Case No. 19-42512, Knoxville Laser Spa LLC, Case No. 19-42513, LRX Alexandria, LLC, Case No. 19-42514, LRX Birmingham, LLC, Case No. 19-42515, LRX Charlotte, LLC, Case No. 19-42516, LRX Chicago, LLC, Case No. 19-42517, LRX Colorado Springs, LLC, Case No. 19-42518, LRX Dearborn, LLC, Case No. 19-42519, LRX East Lansing, LLC, Case No. 19-42520, LRX Grand Blanc, LLC, Case No. 19-30413, LRX Hoffman Estates, LLC, Case No. 19-42521, LRX Las Vegas Summerlin, LLC, Case No. 19-42522, LRX Mesa, LLC, Case No. 19-42523, LRX Naperville, LLC, Case No. 19-42524, LRX Novi, LLC, Case No. 19-42525, LRX Orland Park, LLC, Case No. 19-42526, LRX Plymouth-Canton, LLC, Case No. 19-42527, LRX Stone Oak, LLC, Case No. 19-42528, LRX Towson, LLC, Case No. 19-42530, LRX Troy, LLC, Case No. 19-42531, Premier Laser Spa of Greenville LLC, Case No. 19-42532, Premier Laser Spa of Indianapolis LLC, Case No. 19-42533, Premier Laser Spa of Louisville LLC, Case No. 19-42534, Premier Laser Spa of Pittsburgh LLC, Case No. 19-42535, Premier Laser Spa of St. Louis LLC, Case No. 19-42536, and Premier Laser Spa of Virginia LLC, Case No. 19-42537.

*Compensation, And Employee Benefits* ("Motion"), state:

## JURISDICTION AND VENUE

1.    The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.

2.    This is a core proceeding under 28 U.S.C. § 157(b).

3.    Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

4.    A motion for joint administration of Debtors' Chapter 11 cases for procedural purposes only is being filed contemporaneously with this Motion. To the extent this Motion is granted, Debtors request that any order be applicable to all of Debtors' cases.

## BACKGROUND

5.    Debtors each commenced a voluntary case under Chapter 11 of Title 11 of the United States Code on February 22, 2019 ("Petition Date").

6.    Debtors are continuing in possession of their property and are operating and managing their businesses as debtors-in-possession under 11 U.S.C. §§ 1107(a) and 1108.

7.    No trustee, examiner, or official committee of unsecured creditors has been appointed in these Chapter 11 cases.

8.    Detailed facts about Debtors and the reasons for the

commencement of their Chapter 11 cases are set forth in the *Declaration of Richard C. Morgan in Support of Chapter 11 Filings*, which has been filed simultaneously with this Motion and is incorporated into this Motion by reference.

## DEBTORS' WORKFORCE, EMPLOYEE OBLIGATIONS, AND EMPLOYEE BENEFITS

### A. Debtors' Workforce

9. Debtors operate 25 different store locations across the United States that provide non-surgical cosmetic and weight loss procedures such as body contouring, skin tightening, and laser hair removal.

10. Each of Debtors' 25 store locations operates with a staff of three to five employees, led by a store director.

11. In the ordinary course of business operations, Debtors directly employ 80 store employees and 24 corporate employees in the states of Arizona, Colorado, Illinois, Indiana, Kentucky, Maryland, Michigan, Missouri, North Carolina, Nevada, Pennsylvania, South Carolina, Tennessee, Texas, and Virginia (collectively, "Employees") who work in different capacities for Debtors, including sales, accounting, management, and skilled labor.

12. Of Debtors' Employees, 43 employees are salaried Employees ("Salaried Employees") and the remaining 61 are hourly Employees ("Hourly

{00079197.DOCX 3 }                                 3

Employees").

13.    In addition, Debtors have 12 independent contract workers ("Contract Workers") employed as medical directors at some of Debtors' store locations.   While the licensing requirements for Contract Workers differ from state to state, some store locations are required to have at least one Contractor Worker given the nature of Debtors' businesses.

14.    The Employees' knowledge and understanding of Debtors' operations and customer relations are essential to the effective restructuring of Debtors' businesses.

15.    Absent the continued services of the Employees, an effective restructuring of Debtors would not be possible.

16.    If pre-petition wage, compensation, benefit, and reimbursement amounts are not received by Employees in the ordinary course, they will suffer extreme personal hardship and, in many cases, will be unable to pay their basic living expenses.

17.    Moreover, Debtors' failure to timely pay wages and compensation would destroy Employee morale and likely result in work stoppages and sudden and unmanageable Employee turnover, causing immediate, pervasive, and irreparable damage to Debtors' on-going business operations and Debtors' ability to reorganize.

18.     Even a temporary work stoppage could cause Debtors irreparable harm given Debtors' business model, which relies upon on-line marketing initiatives to generate in-store consultations, which in turn result in the direct selling of products and services by Debtors' Employees to customers.

## B.     Employee Obligations

19.     In the ordinary course of business, Debtors pay and honor certain amounts to its Employees (collectively, "Employee Obligations") for, among other things: (a) Employees' wages, salaries, and other compensation including Employee expense reimbursement, (b) federal and state withholding taxes and other amounts withheld or deducted, including 401(k) and/or Roth deductions and health savings account contributions.

20.     Debtors pay wages and other compensation to its Salaried Employees on a bi-monthly basis, which averages approximately $49,000 per pay period.

21.     Debtors pay wages and other compensation to its store location Employees on a bi-weekly basis, which averages approximately $155,000 per pay period.

22.     For purposes of administration and distribution of payroll, Debtors utilized ADP ("Payroll Provider") pre-petition as its payroll servicing

provider for its Employees.

23. Debtors then remit gross payroll amounts, which include the employee portion of all federal and state withholding taxes, employer's share of federal, state, and local taxes, as well as voluntary and non-voluntary Employee deductions, to the Payroll Provider to fund Employee Obligations.

24. Debtors' pay period for the Employees begins on the 1st of every week and ends on the 15th ("Pay Period"). Hourly Employee wages are paid 1 week in arrears on Friday of each week ("Pay Day").

25. As of the Petition Date, Debtors owes approximately $267,794 to its Employees on account of accrued, but unpaid wages, salaries, and other compensation (collectively, "Unpaid Wages and Salaries"). This dollar amount is inclusive of necessary tax withholding/deductions.

26. No individual is owed more than $12,850, the adjusted dollar amount for pre-petition wages entitled to priority under 11 U.S.C. § 507(a)(4).

27. In addition, one Contractor Worker, who oversees five store locations in her capacity as a medical director, is owed the amount of $25,248, which amount is included in the Unpaid Wages and Salaries number set forth above.

28. Debtors request authority to pay this Contractor Worker in connection with payment of the Unpaid Wages and Salaries.

## C. Employee Benefits

29. In the ordinary course of business operations, Debtors provide Employees a number of benefits including: (a) 401(k) savings plan; (b) health savings plan; and (c) other miscellaneous benefits such as employee expense reimbursement (collectively, "Employee Benefits").

### i. Employee 401(k) Savings and Health Savings Plan

30. Debtors' Employees are eligible to participate in a 401(k) and/or Roth tax-deferred savings plan and a health savings plan (collectively, the "Employee Savings Plans").

31. Debtors' retirement plan is administered and held by the Payroll Provider.

32. Debtors' health savings account plan is administered and held by Health Equity.

33. The Employee Savings Plan allows Employees to withhold and designate a portion of their pre-tax income into a 401(k) and/or Roth tax-deferred savings account and a health savings account.

34. As of the Petition Date, Debtors owe accrued but unpaid Employee Savings Plan contributions in the amount of $9,920.05 (collectively, the "Unpaid Savings Contributions").

### ii. Expense Reimbursements

35.   In the ordinary course of business, Debtors' Employees incur expenses on behalf of Debtors.

36.   The expenses directly incurred by Employees for business purposes are submitted as an expense report with associated documentation to Monica Jarbow (system controller/accounting) , who reviews, verifies, and approves the expense reimbursement.

37.   As of the Petition Date, Debtors owe $193,579 in unpaid and approved expense reimbursements ("Unpaid Expense Reimbursements").

38.   Approximately three-quarters of the Unpaid Expense Reimbursement is owed to Debtors' Vice President of Operations, Anthony Zalungo.   Mr. Zalungo is critical to the Debtors' day-to-day operations of Debtors in his role managing store employees and coordinating key performance indicators at each of Debtors' store locations.   Due to the serious cash crisis experienced by Debtors, Mr. Zalungo advanced monies on his personal credit card to satisfy critical Debtor expenses and ensure Debtors' continued operations.

## RELIEF REQUESTED

39.   In order to continue its business operations for the benefit of all creditors and to minimize the personal hardship to Debtors' Employees

during this critical time, Debtors seeks entry of an order authorizing but not

directing Debtors to:

> a. pay and honor all pre-petition Employee Obligations and Employee Benefits, including the Unpaid Wages and Salaries, Unpaid Savings Contributions, and Unpaid Expense Reimbursements (collectively, the "Unpaid Amounts");
>
> b. continue to maintain and provide all Employee Benefits provided by Debtors in the ordinary course of Debtors' business;
>
> c. pay all Unpaid Amounts required to be paid under, or incident to, the Employee Benefits to the extent any amounts accrued pre-petition and/or accrued post-petition but relate to the period before the Petition Date; and
>
> d. modify, cancel, discontinue, and/or replace, without the need for further notice or Court approval, any policies, plans, offerings, or programs relating to any Employee Obligations or Employee Benefits as Debtors deem appropriate, and to pay any amounts necessary to effect a modification, cancellation, discontinuance, or replacement in the ordinary course of business without the need for further Court approval.

40. In order to effectuate the relief requested in this Motion, Debtors

further request that the Payroll Provider, Health Equity, banks, and financial

institutions be authorized and directed to receive, process, honor, and pay

(to the extent sufficient funds are available in the applicable account(s)) all

checks presented for payment and fund electronic payments related to the

Unpaid Amounts, whether the checks were presented or the funds transfer

requests were submitted before or after the Petition Date.

41. The relief requested in this Motion is further supported by the attached Brief in Support as required by E.D. Mich. LBR 9014-1(f)(5).

## **WAIVER OF FED. R. BANKR. P 6004(a) AND (h)**

42. Debtors request a waiver of the notice requirements under Fed. R. Bankr. P. 6004(a) and the fourteen-day stay of an order authorizing the use, sale, or lease of property under Fed. R. Bankr. P. 6004(h).

## **NOTICE**

43. Notice of this Motion has been given to the following parties or their counsel: (i) the Office of the United States Trustee, (ii) all secured creditors, (iii) Debtors' top 30 unsecured creditors, (iv) all parties required under E.D. Mich. LBR 9013-1, and (v) any other party requesting notice in these proceedings. In light of the fact that no trustee, examiner, or creditors' committee has been appointed or formed in these cases, Debtors submit that no further notice is necessary or required.

44. Debtors have not previously requested the relief sought in this Motion from this or any other court.

WHEREFORE, Debtors respectfully request that the Court enter an order, substantially in the form attached as Exhibit 1, granting the relief requested in the Motion and additional relief that is just and equitable.

Respectfully submitted,

WOLFSON BOLTON PLLC
*Proposed Counsel for Debtors*

Dated:  February 25, 2019

By:\_\_/s/ Anthony J. Kochis_____
    Scott A. Wolfson (P53194)
    Anthony J. Kochis (P72020)
    Thomas J. Kelly (P78754)
3150 Livernois, Suite 275
Troy, MI   48083
Telephone: (248) 247-7105
Facsimile: (248) 247-7099
Email: akochis@wolfsonbolton.com

EXHIBIT 1 - PROPOSED ORDER

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Body Contour Ventures, LLC, | Case No. 19-42510-pjs |
| Debtor. | Hon. Phillip J. Shefferly |

## ORDER GRANTING FIRST DAY MOTION FOR AN ORDER AUTHORIZING DEBTORS TO PAY PRE-PETITION WAGES, COMPENSATION, AND EMPLOYEE BENEFITS

This matter having come before the Court by the debtors and

debtors-in-possession identified below (collectively, "Debtors")[1] through

their *First Day Motion For An Order Authorizing Debtors To Pay Pre-*

---

[1] This Order is applicable to Debtors Body Contour Ventures, LLC, Case No. 19-42510, BCA Acquisitions, LLC, Case No. 19-42511, American Aesthetic Equipment, LLC, Case No. 19-42512, Knoxville Laser Spa LLC, Case No. 19-42513, LRX Alexandria, LLC, Case No. 19-42514, LRX Birmingham, LLC, Case No. 19-42515, LRX Charlotte, LLC, Case No. 19-42516, LRX Chicago, LLC, Case No. 19-42517, LRX Colorado Springs, LLC, Case No. 19-42518, LRX Dearborn, LLC, Case No. 19-42519, LRX East Lansing, LLC, Case No. 19-42520, LRX Grand Blanc, LLC, Case No. 19-30413, LRX Hoffman Estates, LLC, Case No. 19-42521, LRX Las Vegas Summerlin, LLC, Case No. 19-42522, LRX Mesa, LLC, Case No. 19-42523, LRX Naperville, LLC, Case No. 19-42524, LRX Novi, LLC, Case No. 19-42525, LRX Orland Park, LLC, Case No. 19-42526, LRX Plymouth-Canton, LLC, Case No. 19-42527, LRX Stone Oak, LLC, Case No. 19-42528, LRX Towson, LLC, Case No. 19-42530, LRX Troy, LLC, Case No. 19-42531, Premier Laser Spa of Greenville LLC, Case No. 19-42532, Premier Laser Spa of Indianapolis LLC, Case No. 19-42533, Premier Laser Spa of Louisville LLC, Case No. 19-42534, Premier Laser Spa of Pittsburgh LLC, Case No. 19-42535, Premier Laser Spa of St. Louis LLC, Case No. 19-42536, and Premier Laser Spa of Virginia LLC, Case No. 19-42537.

*Petition Wages, Compensation, And Employee Benefits* ("Motion");[2] the

Court having reviewed the Motion; the Court having found that (a)

jurisdiction to consider the Motion is proper under 28 U.S.C. §§ 157 and

1334; (b) venue is proper before this Court under 28 U.S.C. §§ 1408 and

1409; (c) notice of the Motion was properly provided; (d) the legal and

factual bases set forth in the Motion establish just cause for the relief

requested; and (e) the Court being otherwise fully advised in the premises;

**IT IS HEREBY ORDERED** that:

1.     The Motion is granted.

2.     Debtors are authorized, but not directed, to:

a.     pay and honor all pre-petition Employee Obligations and Employee Benefits, including the Unpaid Wages and Salaries, Unpaid Savings Contributions, and Unpaid Expense Reimbursements (collectively, the "Unpaid Amounts");

b.     continue to maintain and provide all Employee Benefits provided by Debtors in the ordinary course of Debtors' businesses;

c.     pay all Unpaid Amounts required to be paid under, or incident to, the Employee Benefits to the extent any amounts accrued pre-petition and/or accrued post-petition but relate to the period before the Petition Date; and

d.     modify, cancel, discontinue, and/or replace, without the need for further notice or Court approval, any policies,

_____

[2] Capitalized terms used but not defined in this Order have the meanings given them in the Motion.

plans, offerings, or programs relating to any Employee Obligations or Employee Benefits as Debtors deem appropriate, and to pay any amounts necessary to effect a modification, cancellation, discontinuance, or replacement in the ordinary course of business without the need for further Court approval.

3.     The Payroll Provider, Health Equity, and the banks and financial institutions at which Debtors maintain the accounts that are used to pay the Unpaid Amounts, are authorized and directed to receive, process, honor, and pay (to the extent sufficient funds are available in the applicable account(s)) all checks presented for payment and fund electronic payments related to the Unpaid Amounts, whether the checks were presented or the funds transfer requests were submitted before or after the Petition Date.

4.     Nothing contained in this Order constitutes, or will be deemed to constitute, the assumption of any policy, procedure, or executory contract that may be described or referenced in the Motion.

5.     The requirements of Fed. R. Bankr. P. 6004(a) are waived.

6.     The terms of this Order are immediately effective and enforceable upon its entry.

7.     This Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

EXHIBIT 3 - BRIEF IN SUPPORT

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Body Contour Ventures, LLC, | Case No. 19-42510-pjs |
| Debtor. | Hon. Phillip J. Shefferly |

## BRIEF IN SUPPORT OF FIRST DAY MOTION FOR AN ORDER AUTHORIZING DEBTORS TO PAY PRE-PETITION WAGES, COMPENSATION, AND EMPLOYEE BENEFITS

The debtors and debtors-in-possession identified below (collectively,

"Debtors"),[1] through proposed counsel, Wolfson Bolton PLLC, for their *Brief*

*in Support of First Day Motion For An Order Authorizing Debtors To Pay*

_____

[1] This Motion is being filed on behalf of Debtors Body Contour Ventures, LLC, Case No. 19-42510, BCA Acquisitions, LLC, Case No. 19-42511, American Aesthetic Equipment, LLC, Case No. 19-42512, Knoxville Laser Spa LLC, Case No. 19-42513, LRX Alexandria, LLC, Case No. 19-42514, LRX Birmingham, LLC, Case No. 19-42515, LRX Charlotte, LLC, Case No. 19-42516, LRX Chicago, LLC, Case No. 19-42517, LRX Colorado Springs, LLC, Case No. 19-42518, LRX Dearborn, LLC, Case No. 19-42519, LRX East Lansing, LLC, Case No. 19-42520, LRX Grand Blanc, LLC, Case No. 19-30413, LRX Hoffman Estates, LLC, Case No. 19-42521, LRX Las Vegas Summerlin, LLC, Case No. 19-42522, LRX Mesa, LLC, Case No. 19-42523, LRX Naperville, LLC, Case No. 19-42524, LRX Novi, LLC, Case No. 19-42525, LRX Orland Park, LLC, Case No. 19-42526, LRX Plymouth-Canton, LLC, Case No. 19-42527, LRX Stone Oak, LLC, Case No. 19-42528, LRX Towson, LLC, Case No. 19-42530, LRX Troy, LLC, Case No. 19-42531, Premier Laser Spa of Greenville LLC, Case No. 19-42532, Premier Laser Spa of Indianapolis LLC, Case No. 19-42533, Premier Laser Spa of Louisville LLC, Case No. 19-42534, Premier Laser Spa of Pittsburgh LLC, Case No. 19-42535, Premier Laser Spa of St. Louis LLC, Case No. 19-42536, and Premier Laser Spa of Virginia LLC, Case No. 19-42537.

*Pre-Petition Wages, Compensation, And Employee Benefits*, state:

## **BASIS FOR RELIEF REQUESTED IN THE MOTION**[2]

1.      The relief requested in the Motion is authorized under §§ 507(a), 363(b), and 105(a) of the Bankruptcy Code.

2.      The vast majority of Employees rely exclusively on their compensation to continue to pay their daily living expenses.

3.      These individuals will be exposed to significant financial difficulties if Debtors are not permitted to pay the Unpaid Amounts.

4.      Debtors anticipate that any failure to timely pay pre-petition wages and compensation would result in a work stoppage.

5.      If Debtors are unable to honor commitments to fund the Unpaid Amounts, Debtors anticipate a loss of Employee morale and significant Employee turnover resulting in business interruptions, decreased quality control, and increased expenses.

6.      Accordingly, payment of all Unpaid Amounts is necessary to preserve Debtors' value as a going concern and to avoid immediate and irreparable harm.

7.      Sections 507(a)(4) and (a)(5) give priority up to $12,850 per individual for pre-petition claims for wages, salaries, vacation and claims for

---

[2] Capitalized terms used but not defined have the meanings given to them in the Motion.

contributions to employee benefit plans.

8.      Debtors assert that the pre-petition Employee Obligations are entitled to priority under § 507(a)(4) and (a)(5) and that no individual Employee is owed more than $12,850 on account of pre-petition wages.

9.      Thus, granting the relief requested would affect only the timing, and not the amount, of the payment of the Employee Obligations and Employee Benefits - and granting the Motion will not adversely affect Debtors' unsecured non-priority creditors.

10.     Section 363(b)(1) authorizes debtors-in-possession to use property of the estate other than in the ordinary course of business after notice and a hearing. In order to obtain approval for the use of estate assets outside the ordinary course of business, the Debtors must articulate a valid business justification for the requested use. *See*, *e.g.*, *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 176 (Bankr. S.D.N.Y. 1989).

11.     Section 105(a) further provides, in pertinent part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."

12.     Preserving and protecting Debtors' business and going-concern value, retaining its currently-working Employees, and maintaining positive Employee morale through payment of the Unpaid Amounts are both (a)

sufficient business justifications to grant the Motion under § 363(b), and (b) necessary and appropriate to carry out the provisions of the Bankruptcy Code.

13.     Sections 1107(a) and 1108 authorize Debtors, as Debtors-in-possession, to operate Debtors' business.

14.     Debtors have the duty "to protect and preserve the estate, including an operating business's going-concern value." *In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002) (discussing the doctrine of necessity).

15.     Without the ability to pay the Unpaid Amounts, Debtors will not be able to preserve its going concern value.

16.     The continued service and dedication of the Employees is critical to Debtors' reorganization.

17.     Many courts have recognized the importance of a Debtors' ability to pay pre-petition wages. *See In re Quality Interiors,* 127 B.R. 391, 396 (Bankr. N.D. Ohio 1991) (stating that, "[t]his Court often permits the payment of prepetition wages so that the Debtors-in-possession may maintain an effective work force, especially where the amount of the payment is relatively small and where it appears that the wages being paid would ultimately qualify as priority claims"). Likewise, in *In re Ionosphere*

*Clubs, Inc.,* 98 B.R. 174 (Bankr. S.D.N.Y. 1989), the court permitted the Debtors to pay its current employees' pre-bankruptcy wages, salaries, medical benefits, and business expense claims, relying on § 105(a), to effectuate a restructuring of the Debtors' finances to provide jobs for its employees. *Id.* at 177.

18.    This Court and other courts routinely permit Debtors to pay pre-petition wage, salary, expense, and benefit claims if payment is necessary to effectuate a successful reorganization. *See In re Engineered Plastic Products, Inc.,* No. 06-42714 (Bankr. E.D. Mich. March 13, 2006); *In re UniBoring Co., Inc.,* No. 05-58779 (Bankr. E.D. Mich. 2005); *Big Buck Brewing Inc.,* No. 04-56761 (Bankr. E.D. Mich. 2004); *In re Greektown Holdings, LLC,* No. 08-53104 (WSD) (Bankr. E.D. Mich. June 24, 2008); *In re LSC Liquidation, Inc.,* No. 15-45784 (Bankr. E.D. Mich. April 15, 2015); *In re General Products Corporation,* No. 16-49267 (E.D. Mich. June 30, 2016); *see also In re Gulf Air, Inc.,* 112 B.R. 152 (Bankr. W.D. La. 1989) (authorizing Debtors-in-possession to pay pre-petition employee wages and benefits, and health, life, and workers' compensation insurance premiums); *In re Chateaugay Corp.,* 80 B.R. 279 (S.D.N.Y. 1987) (affirming order authorizing Debtors to pay pre-petition wages, salaries, employee reimbursement expenses and benefits, including payments on workers'

compensation claims).

19.     Debtors must also be able to continue to pay the administrative costs associated with providing Employee Benefits. *See, e.g., Allegheny Intl Inc. v. Metropolitan Life Ins. Co.,* 145 B.R. 820, 822-23 (W.D. Pa. 1992) ("It would be useless to prioritize expenses for contributions to an employee benefit plan and not prioritize the expenses necessary to administer those plans").

20.     The relief requested in the Motion is necessary and should be authorized under § 105.

21.     The Employees are vital to the continued operation of Debtors' businesses and to its successful reorganization.

22.     Authorization to pay the Unpaid Amounts is necessary to prevent many of them from suffering personal hardship and to maintain Debtors' business as a going concern.  Accordingly, the relief requested is consistent with §§ 105(a), 363(b), and 507(a).

23.     Debtors are not requesting the assumption of any agreement in the Motion and, therefore, nothing contained in the Motion constitutes a request for authority to assume any policy, procedure, or executory contract that may be described or referenced in the Motion.

## **DEBTORS HAVE SATISFIED FED. R. BANKR. P. 6003**

24.     Bankruptcy Rule 6003 provides that, "to the extent that relief is necessary to avoid immediate and irreparable harm," a Bankruptcy Court may approve a motion to "pay all or part of a claim that arose before the filing of the petition" within twenty-one days after the Petition Date. Fed. R. Bankr. P. 6003.

25.     As described in the Motion, authorization to pay the Unpaid Amounts is essential to Debtors' reorganization.

26.     Accordingly, the relief requested is necessary to avoid immediate and irreparable harm, and, therefore, Fed. R. Bankr. P. 6003 is satisfied.

27.     Due to the immediate and irreparable that would be suffered by Debtors in the absence of granting the Motion, Debtors submit that this is not a "Critical Vendor" motion as contemplated by E.D. Mich. LBR 4001-3.

Respectfully submitted,

WOLFSON BOLTON PLLC
*Proposed Counsel for Debtors*

Dated:  February 25, 2019          By:___/s/ Anthony J. Kochis_____
                                         Scott A. Wolfson (P53194)
                                         Anthony J. Kochis (P72020)
                                         Thomas J. Kelly (P78754)
                                   3150 Livernois, Suite 275
                                   Troy, MI  48083
                                   Telephone: (248) 247-7105
                                   Facsimile: (248) 247-7099
                                   Email: akochis@wolfsonbolton.com