**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| Body Contour Ventures, LLC,[1] | Case No. 19-42510-pjs |
| Debtors. | Hon. Phillip J. Shefferly |

**ORDER (I) ESTABLISHING BIDDING PROCEDURES,
(II) SCHEDULING AN AUCTION AND A SALE HEARING IN
CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF
DEBTORS' ASSETS, (III) SETTING CERTAIN DATES AND DEADLINES
IN CONNECTION THEREWITH, (IV) APPROVING THE FORM OF THE
ASSET PURCHASE AGREEMENT, INCLUDING THE TERMINATION
FEE, AND (V) GRANTING RELATED RELIEF**

---

[1] Debtors cases are being jointly administered for procedural purposes only and include Debtors Body Contour Ventures, LLC, Case No. 19-42510, BCA Acquisitions, LLC, Case No. 19-42511, American Aesthetic Equipment, LLC, Case No. 19-42512, Knoxville Laser Spa LLC, Case No. 19-42513, LRX Alexandria, LLC, Case No. 19-42514, LRX Birmingham, LLC, Case No. 19-42515, LRX Charlotte, LLC, Case No. 19-42516, LRX Chicago, LLC, Case No. 19-42517, LRX Colorado Springs, LLC, Case No. 19-42518, LRX Dearborn, LLC, Case No. 19-42519, LRX East Lansing, LLC, Case No. 19-42520, LRX Grand Blanc, LLC, Case No. 19-42833, LRX Hoffman Estates, LLC, Case No. 19-42521, LRX Las Vegas Summerlin, LLC, Case No. 19-42522, LRX Mesa, LLC, Case No. 19-42523, LRX Naperville, LLC, Case No. 19-42524, LRX Novi, LLC, Case No. 19-42525, LRX Orland Park, LLC, Case No. 19-42526, LRX Plymouth-Canton, LLC, Case No. 19-42527, LRX Stone Oak, LLC, Case No. 19-42528, LRX Towson, LLC, Case No. 19-42530, LRX Troy, LLC, Case No. 19-42531, Premier Laser Spa of Greenville LLC, Case No. 19-42532, Premier Laser Spa of Indianapolis LLC, Case No. 19-42533, Premier Laser Spa of Louisville LLC, Case No. 19-42534, Premier Laser Spa of Pittsburgh LLC, Case No. 19-42535, Premier Laser Spa of St. Louis LLC, Case No. 19-42536, and Premier Laser Spa of Virginia LLC, Case No. 19-42537.

This matter having come before the Court on *Debtors' Motion For Entry Of (A) An Order (I) Establishing Bidding Procedures, (II) Scheduling An Auction And A Sale Hearing In Connection With The Sale Of Substantially All Of Debtors' Assets, (III) Setting Certain Dates And Deadlines In Connection Therewith, (IV) Approving The Form Of The Asset Purchase Agreement, Including The Termination Fee, And (V) Granting Related Relief; And (B) An Order (I) Authorizing The Sale Of Substantially All Of Debtors' Assets Free And Clear Of Liens, Claims, Encumbrances, And Interests, (II) Approving The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases, And (III) Granting Related Relief* ("Sale Motion")[2] [Docket No. 158]; proper notice of the Sale Motion having been provided to all parties entitled thereto as required by applicable law, and no other or further notice being required; objections, if any, to the entry of this Bidding Procedure Order having been withdrawn, resolved, or overruled; the Court finding that (a) it has jurisdiction to enter this Bidding Procedures Order pursuant to 28 U.S.C. § 1334; and (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing to the Court that the relief granted by the Bidding Procedures Order is in the best interest of

---

[2] Capitalized terms used but not defined have the meanings given to them in the Sale Motion.

Debtors, their estates, and their creditors; the Court being otherwise fully advised on the premises;

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Sale Motion is GRANTED, solely to the extent that it requests entry of this Bidding Procedures Order and as provided herein.

2. All objections to the entry of this Bidding Procedures Order not settled, withdrawn, or otherwise resolved are overruled.

3. The APA, as amended, filed at Docket No. 263, is approved as to form only, duly executed, and binding among the Stalking Horse Bidder and Debtors, and Debtors and Stalking Horse Bidder are authorized to perform as required thereunder, subject to the Bidding Procedures, the Sale Order, and as set forth herein.

4. Debtors are authorized to pay to the Stalking Horse Bidder an amount equal to $115,000 ("Termination Fee") if required under the Bidding Procedures and the terms set forth in the APA.

5. The Termination Fee is approved based on the substantial value the Stalking Horse Bid created for the bankruptcy estates and the exercise of the Debtors' appropriate business judgment.

6. Objections to the remaining relief requested in the Sale Motion and the entry of the proposed Sale Order must: (a) be in writing; (b) conform

to any applicable requirements of the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and any applicable local rules of procedure of this Court; (c) set forth the name of the objecting party and the nature of any claims or interests held by such party against or in Debtors' estate or property; (d) state with particularity the legal and factual bases for the objection and the specific grounds therefore; and (e) be filed with the Clerk of the Court, and served on Debtors' counsel so as to be received, on or before **May 13, 2019 at 5:00 p.m., prevailing Eastern Time** ("Sale Objection Deadline").

7. Any reply brief shall be filed by no later than **May 15, 2019 at 5:00 p.m. (Eastern).**

8. Any person or entity that fails to make an objection by the Sale Objection Deadline is forever barred from asserting any objection to the entry of the Sale Order.

9. A hearing ("Sale Hearing") to consider the remaining relief requested in the Sale Motion and the entry of the proposed Sale Order shall be held on **May 17, 2019 at 10:00 a.m. (Eastern)** in the Courtroom of the Honorable Phillip J. Shefferly, United States Bankruptcy Court for the Eastern District of Michigan, 211 W. Fort Street, Courtroom 1975, Detroit, MI 48226.

10. The Bidding Procedures filed at Docket No. 263 are incorporated herein by reference and approved, and shall apply to the sale of the Assets and the Additional Assets.

11. The Notice of Auction and Sale filed at Docket No. 263 is incorporated herein by reference and approved.

12. The proposed assumption and assignment notice ("<u>Assumption and Assignment Notice</u>") filed at Docket No. 263 is incorporated herein by reference, approved, and deemed sufficient for all purposes, and no further notice shall be required.

13. The following Assumption and Assignment Procedures are approved and shall apply to the assumption and assignment by Debtors of certain executory contracts and unexpired leases ("<u>Assumed and Assigned Agreements</u>"):

   a. By no later than seven days after entry of this Bidding Procedures Order, the Debtors will file a schedule ("<u>Cure Schedule</u>") which will be attached to the Assumption and Assignment Notice, identifying (i) the Assumed and Assigned Agreements, to potentially be assumed and assigned to a Winning Bidder in the event of a Sale and (ii) the amount, if any, the Debtors believe is necessary to cure all monetary defaults and other defaults under such agreement pursuant to § 365 of the Bankruptcy Code ("<u>Cure Costs</u>").

   b. Upon the filing of the Cure Schedule, the Debtors will serve the Cure Schedule and the Assumption and Assignment Notice on each of the non-debtor counterparties listed on the Cure Schedule by first class mail.

c. The Assumption and Assignment Notice will state that the Debtors may be seeking the assumption and assignment of the Assumed and Assigned Agreement and include (i) a description of each executory contract and unexpired lease that may be assumed and assigned in connection with the Sale, (ii) the deadline for objecting ("Cure/Assignment Objection") to the amount of the proposed Cure Costs related to any executory contract or unexpired lease is **May 10, 2019 at 5:00 p.m. Eastern Time** ("Cure/Assignment Objection Deadline") and (iii) the deadline for objecting ("Adequate Assurance Objection") to the ability of the Winning Bidder to provide adequate assurance of future performance under any Assumed and Assigned Agreement is **May 10, 2019 at 5:00 p.m. Eastern Time** ("Adequate Assurance Objection Deadline" and collectively with the Cure/Assignment Objection Deadline, the "Cure/Adequate Assurance Objection Deadlines").

d. Each Cure/Assignment Objection and/or Adequate Assurance Objection must be filed with the Bankruptcy Court and served on Debtors' counsel so that it is received by the applicable Cure/Adequate Assurance Objection Deadline.

e. If no objections are received with respect to any Assumed and Assigned Agreement, then the Cure Costs set forth in the Cure Schedule for such agreement will be binding upon the non-debtor counterparty to such agreement for all purposes and will constitute a final determination of the Cure Costs required to be paid by or on behalf of the applicable Debtor in connection with the assumption and assignment of such agreement.

f. In addition, all counterparties to the Assumed and Assigned Agreements who fail to file an objection before the Cure/Adequate Assurance Objection Deadlines, as applicable, will be (i) forever barred from objecting to the Cure Costs or adequate assurance of future performance with respect to the Assumed and Assigned Agreements, and the Debtors and the Winning Bidder will be entitled to rely solely upon the Cure Cost set forth on the Cure Schedule, (ii) deemed to have consented to the assumption and assignment, and (iii) forever

barred and estopped from asserting or claiming against the applicable Debtor(s) and the Winning Bidder that any additional amounts are due or other defaults exist, that conditions to assignment must be satisfied or that there is any other objection or defense to the assumption or assignment of the applicable Assumed and Assigned Agreement.

g. The Debtors or the Winning Bidder may amend the Cure Schedule to remove any Assumed and Assigned Agreement at any time before such Assumed and Assigned Agreement is actually assumed and assigned pursuant to an order of the Court. The non-debtor party or parties to any such removed contract or lease will be notified of such exclusion by written notice mailed within one (1) business day after such amendment.

h. The Winning Bidder shall file on the docket evidence demonstrating the ability of the Winning Bidder to provide adequate assurance of future performance under any Assumed and Assigned Agreement by no later than **May 9, 2019 at 5:00 p.m. (Eastern).**

i. On the first business day following the closing of the Sale with the Winning Bidder, the Debtors shall file on the docket a notice that the Sale has been closed.

14. Any timely filed and unresolved Cure/Assignment Objection and/or Adequate Assurance Objection will be heard at the Sale Hearing.

15. The presence of an Assumed and Assigned Agreement on the Cure Schedule does not constitute an admission that such Assumed and Assigned Agreement is an executory contract or unexpired lease or that the Assumed and Assigned Agreement will be assumed, assigned, or both.

16. To the extent this Order or the Bidding Procedures contradict or cannot be harmonized with the APA, this Order and the Bidding Procedures shall govern.

17. Debtors shall provide notification pursuant to Section 2 of the Bidding Procedures by no later than four (4) days after entry of this Order.

18. The approximately 12 pieces of Merz North America, Inc.'s branded equipment that the Debtors have collected, or are in the process of collecting, from landlords/closed stores constitute Additional Assets; provided however, any and all rights of Debtors and of Merz, including ownership rights, are preserved in connection with the separately pending adversary proceeding as between Debtor Body Contour Ventures, LLC and Merz and are unaffected hereby. All rights and objections of Merz in connection with the approval of any sale(s) are fully preserved.

19. A Qualified Bidder may bid on some or all of the Additional Assets without having to bid on the Assets.

20. Nothing in this Order or otherwise shall affect any right which may exist in favor of any other entity holding a valid and enforceable Lien from exercising any right afforded to such holder pursuant to § 363(k) of the Bankruptcy Code.

21. The Court retains jurisdiction to hear and determine all matters arising from or relating to the implementation and/or interpretation of this Order.

**IT IS SO ORDERED**.

**Signed on March 28, 2019**



/s/ Phillip J. Shefferly

**Phillip J. Shefferly
United States Bankruptcy Judge**